**Donna A. PERRY, Plaintiff–Appellant,**

v.

**John H. JOHNSON, as Commissioner of New York State Office of Children and Family Services, George C. Sinnott, as Commissioner of New York**

State Department of Civil Service, New York State Civil Service Commission, and State of New York, Defendants–Appellees.

Docket No. 04–5746.

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Donna A. Perry, Albany, New York, for Appellant, pro se.

Nancy A. Spiegel, Senior Assistant Solicitor General (Dorothy E. Hill, Assistant Solicitor General,), for Eliot Spitzer, Attorney General of the State of New York, Albany, New York, for Appellees, of counsel.

Present: MINER, RAGGI, Circuit Judges, and KARAS, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on September 29, 2004, is hereby AFFIRMED.

Plaintiff Donna A. Perry, who sued defendants for race, age, and gender discrimination in employment, appeals the district court's dismissal of her claim under the New York Human Rights Law, N.Y. Exec. Law §§ 290–301, and the court's award of summary judgment in favor of defendants on her claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1. *State Law Claim*

The district court dismissed Perry's state law claim on the grounds of Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Perry does not challenge the court's immunity analysis on appeal, an argument that would, in any event, not be convincing in light of our decision in *Richardson v. New York State Dep't of Corr. Serv.,* 180 F.3d 426, 447–49 (2d Cir.1999) (concluding that plaintiff's New York Human Rights Law claim was barred by the Eleventh Amendment because plaintiff failed to establish state's waiver of immunity). Instead, Perry focuses solely on the merits of her discrimination claim, a point we address further in our review of her challenge to the award of summary judgment on her Title VII claim. We are obliged to assume that Perry has abandoned any challenge to the district court's Eleventh Amendment ruling, *see LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (explaining that *pro se* plaintiff abandoned issue not raised in appellate brief), and, accordingly, we affirm dismissal of the state law claim on that ground.

2. *Title VII*

With respect to Perry's Title VII claim, we review the district court's award of summary judgment *de novo. See Forsyth v. Federation Employment & Guidance Serv.,* 409 F.3d 565, 569 (2d Cir.2005). Applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court concluded that,

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

although plaintiff's allegations established a *prima facie* case of discrimination, the defendants articulated legitimate, non-discriminatory reasons for their hiring decision, which Perry failed to rebut with sufficient evidence to permit a reasonable factfinder to conclude that the proffered justifications were pretextual and that the real reason for the challenged hiring decision was unlawful discrimination. *See James v. New York Racing Ass'n*, 233 F.3d 149, 153–55 (2d Cir.2000) (discussing and applying *McDonnell Douglas* framework).

Having carefully reviewed the record, we agree, largely for the reasons articulated by the district court, that plaintiff's evidence, even when viewed in the light most favorable to her, could not demonstrate that defendants' proffered reasons for their hiring decision were pretextual, much less permit her to carry her "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against" her for reasons prohibited by law. *Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir.2000) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). Thus, we reject Perry's challenge to the award of summary judgment as without merit.

The judgment of the district court, entered on September 29, 2004, is hereby AFFIRMED.